**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| JAMIL MALIK BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:22-CV-152-PPS-JEM |
| | ) | |
| JOE BIDEN, THE UNITED STATES, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Pro se Plaintiff, Jamil Malik Bey, filed a motion titled "Petitioner's Points and Authorities in Support of Response/Motion to Reconsider/Rule 59(e) Motion to Alter or Amend Judgment." [DE 6.] Bey claims that my order dismissing his case pursuant to 28 U.S.C. § 1915(e)(2)(B), was erroneous. [DE 6 at 2.]  Consistent with the title of the motion, I consider Bey's motion for reconsideration to be filed under Rule 59(e) "because it is a substantive motion for reconsideration of an appealable order filed within twenty-eight days of entry of that appealable order."  *Grissom v. United States*, No. 4:19-cv-00232-TWP-DML, 2021 WL 325967, at * 1 n.1 (N.D. Ind. Feb. 1, 2021) (citation omitted).  Here, judgment was entered on June 7, 2022 [DE 4], and the instant motion was filed exactly 28 days later, on July 5, 2022.

Rule 59(e) requires the moving party to clearly establish a manifest error of law or an intervening change in the controlling law, or present newly discovered evidence. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998).  "Ultimately, a motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of

finality and conservation of scarce judicial resources." *McGrath v. Everest Nat'l Ins. Co.*, 668 F.Supp.2d 1085, 1110 (N.D. Ind. 2009) (quotation omitted). Moreover, it is not appropriate to grant reconsideration when a claimant "merely restates the arguments" made previously. *Anderson v. Catholic Bishop of Chicago*, 759 F.3d 645, 653 (7th Cir. 2014).

In this case, I dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), on the basis that it was frivolous. As the Supreme Court has held, "a court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quotation marks and citations omitted). The Court went on to state that it was "confident that the district courts, who are 'all too familiar' with factually frivolous claims, are in the best position to determine which cases fall into this category." *Id.* at 33 (quotation omitted). "[T]he frivolousness determination is a discretionary one." *Id.*

In this case, Bey has not alleged any new facts or cited any additional law that clearly establishes a manifest error of fact or law. He continues to maintain he is entitled to declaratory and injunctive relief against the President and the United States because the United States Department of Homeland Security and the FBI have been operating a state-sanctioned program employing private contractors to cruelly and unlawfully target him based upon his political and national status being Moorish Moroccan Consanguinity. [DE 6 at 10.] He alleges he is under 24-hour surveillance and is being harassed by aircraft and electronic harassment. *Id.* at 14. Additionally, Bey

2

filed a declaration stating he also filed a zip drive with the court showing numerous photographs and videos allegedly depicting helicopters and other aircraft targeting him and harassing him, as well as encounters with conspirators. [DE 7.] With all due respect to Mr. Bey (and unlike the insinuation in Footnote 4 [DE 6 at 11]), I cast no characterizations or judgment whatsoever on his character or his mental state, but nothing in his motion to reconsider changes my opinion that his claims are not plausible, and I stand by my prior ruling.

My order simply dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B), as is this court's usual practice. [DE 3.] Bey asserts that the case should have been dismissed without prejudice (instead of with). [DE 6 at 17.] The court hereby clarifies that the dismissal is without prejudice. *See, e.g., Denton*, 504 U.S. at 34 (dismissal pursuant to section 1915(e)(2)(B) is without prejudice because "a § 1915(d) dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. It could, however, have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions.").

### Conclusion

For all of these reasons, "Petitioner's Points and Authorities in Support of Response/Motion to Reconsider/Rule 59(e) Motion to Alter or Amend Judgment" [DE 6] is DENIED. However, the Court clarifies that the previous dismissal of the case [DE 3] is without prejudice.

SO ORDERED.

ENTERED: August 1, 2022.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT